## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

*******************************

In re:

**KEITH W. FARR,**  Chapter 13
           Case No.: 11-20883
Debtor.

*******************************

## MEMORANDUM OF LAW

This matter came before me on the motion for relief from stay filed by Nationstar Mortgage, LLC concerning Debtor Keith W. Farr's (the "Debtor") real estate at 6 Windy Way, Waterboro, Maine (the "Property") (Docket Entry ("DE") 49). The Debtor objected to the motion by his November 4, 2014 response. Following a hearing on January 5, 2015, the parties submitted the matter for a decision based upon the pleadings. For the reasons set forth below, I grant the motion.

### I. JURISDICTION AND VENUE.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this district pursuant to 28 U.S.C. § 157(a). D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(G).

### II. BURDEN OF PROOF.

The Debtor carries the burden of proof on all issues in connection with relief from stay (except for any issue of equity in the Property). 11 U.S.C. § 362(g).[1]

---

[1] All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

### III. FACTS.

The Debtor borrowed money from Quicken Loans, Inc. in 2007 to purchase the Property. At that time, he gave Quicken a note to memorialize the loan, and he delivered a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Quicken, to secure his obligations. His financial circumstances worsened, and in June of 2011, he filed for relief under Chapter 13 of the Code, reporting that he owned a one half interest in the Property worth $70,000 (DE 1, pp.8 and 13). Four months later, Bank of America, N.A. filed a timely proof of claim which asserted that it was the holder of the note and the assignee of the mortgage (Proof of Claim 9) and that it held a secured claim of $204,508.38. There were no objections to that claim.

On June 15, 2013, Nationstar filed a notice that Bank of America transferred Claim 9 to it (DE 42) and notice of that transfer was soon given to all parties in interest, including the Debtor (DE 44). That notice provided, in part: " - - DEADLINE TO OBJECT TO TRANSFER - - The alleged transferor(s) of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court." There were no objections to the transfer.

The Debtor's original Chapter 13 plan provided that he would stay current on the mortgage by paying the note obligations directly to the creditor (DE 5 and DE 26). He subsequently changed his mind and modified his plan, consenting to relief from stay and the surrender of the Property (DE 32). That consent was embodied in ¶III. A. of this Court's April 23, 2012 order (DE 35).

## IV. DISCUSSION.

Nationstar seeks relief from stay pursuant to § 362(d)(1) which requires the court to enter such relief for cause, including lack of adequate protection. Although it is not clear from the allegations in the motion and the denials in the Debtor's response, that Nationstar meets the elements of §362(d)(1)[2], an examination of other filings in this case reveal that those conditions are fulfilled. First, it is undisputed that there is no equity in the Property given that the Property is worth $140,000 (see Schedule A (DE 1, pp 8, 13)) and Nationstar holds an allowed secured claim of $204,508.38 apparently secured by the Property.[3] Second, the Debtor admitted in two separate filings that he makes no mortgage payments. *See*, April 23, 2012 Order Allowing and Disallowing Claims and Modifying Plan (DE 35), May 9, 2014 Amended Schedule J (DE 48). The lack of equity and adequate protection payments provide sufficient cause to grant Nationstar relief under § 362(d)(1).

However, the Debtor's opposition to the motion focuses on a more fundamental issue: Nationstar's lack of standing to seek relief from stay. The Debtor maintains that the present state of Maine foreclosure law[4] empower Nationstar to do little more than record the mortgage, and does not permit Nationstar to "enforce" it. The Debtor may be correct and ultimately Nationstar might not prevail on its state court foreclosure action. However, that is not the issue before me. Nationstar seeks permission to proceed under non-bankruptcy law to enforce whatever remedies it may have to foreclose upon, and seek possession of, the Property. My analysis is not,

---

[2] In its motion, Nationstar alleged that it is not adequately protected because the Debtor is 37 monthly mortgage payments in arrears, and the Property is worth less than Nationstar's secured claim. The Debtor denied those allegations.

[3] No one, including the Debtor, objected to Nationstar's proof of claim thus, by operation of § 502(a), it is deemed an allowed claim.

[4] See, U.S. Bank Nat. Ass'n v. Adams, 2014 ME 113, 102 A.3d 774 (2014); Bank of Am., N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700 (2014); Mortgage Elec. Registration Sys., Inc. v. Saunders, 2010 ME 79, 2 A.3d 289 (2010); John J. Aromando, Standing to Foreclose in Maine: Bank of America, N.A. v. Greenleaf , 29 Me. Bar J. 186 (2014).

therefore, whether Nationstar has the standing to proceed with, or prevail in, a foreclosure action, but rather it is a more limited inquiry into Nationstar's standing to seek relief from stay.

A party has such standing if it is a party in interest with a "colorable claim" against property of the estate. William L. Norton, Jr., *Norton Bankruptcy Law & Practice* §43.44 (3rd ed. 2015). Nationstar satisfies these requirements. It is axiomatic that as a creditor, Nationstar is a party in interest, and a "facially valid security instrument" is enough to constitute a colorable claim. *See*, *Collier on Bankruptcy* P 362.07[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), *In re Jespersen*, No. BR 14-26216, 2015 WL 237313, at *1 (Bankr. D. Utah Jan. 16, 2015). By granting the motion, I am not deciding the foreclosure in favor of Nationstar. Relief from stay hearings are merely summary proceedings to ascertain whether the party seeking relief has a colorable claim to estate property, they are not meant to determine "the merits of the underlying substantive claims, defenses, or counterclaims." *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994). The Debtor retains all of his arguments and objections concerning Nationstar's standing to foreclose the mortgage and can assert them in state court.

A separate order shall enter.

DATED at Portland, Maine this 17th day of February 2015.

                                        /s/ Peter G. Cary
                                        Hon. Peter G. Cary
                                        United States Bankruptcy Judge